**WO** SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Donald Jones, Jr. | No. CV 05-3975-PHX-JAT (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendant. | |

On December 7, 2005, Plaintiff Robert Donald Jones, Jr., who was confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. #1.) Thereafter, he filed an Amended Complaint naming Defendants Joseph Arpaio, Maricopa County Sheriff; Nick Larkin, Commander Fourth Avenue Jail; Chad Swiman, Detention Officer at Maricopa County Sheriff's Office (MCSO); and Jesus Perez, Detention Officer at MCSO. (Doc. #28.) Plaintiff raised an Eighth Amendment claim for failure to protect and a state-law claim of negligence. (Id.)

Defendants moved for summary judgment. (Doc. #48.) Plaintiff has not filed a response, and the time to do so has passed. (Doc. #52.) Defendants also filed a motion for summary disposition of the motion for summary judgment and a motion to dismiss the case for failure to prosecute. (Doc. ##56, 61.) Plaintiff has not filed a response to either of these two motions.

The Court will grant the motion to dismiss for failure to prosecute, deny all pending motions as moot, and dismiss the action.

## I.      Motion to Dismiss for Failure to Prosecute

On November 27, 2007, Defendants filed their motion to dismiss for failure to prosecute. Defendants asserted that Plaintiff has failed to comply with the Court's February 14, 2007 Scheduling Order and July 27, 2007 Order regarding Plaintiff's time to respond to the summary judgment motion, has failed to respond to Defendants' discovery requests, and refused to cooperate with Defendants in preparing the Joint Pretrial Report.[1]  (Doc. #61 at 1.) Defendants argued that Plaintiff's failure to cooperate has severely prejudiced their ability to defend their case.

## II.     Failure to Prosecute

Plaintiff has the general duty to prosecute this case. See Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In addition, Rule 7.2(c) of the Local Rules of Civil Procedure provides that the opposing party has ten days after service of a motion within which to serve and file a responsive memorandum. Rule 7.2 (i) provides that if an unrepresented party or counsel does not serve and file the required answering memorandum, such non-compliance with the Rule "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Plaintiff has filed no response to the motion to dismiss.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the

---

[1] Defendants also asserted that Plaintiff acknowledged that he will not participate in any further proceedings regarding this case, and cite to a letter from Plaintiff dated September 23, 2007, that was to be attached to the motion. (Doc. #61 at 2-3.) The document is not attached to the motion but appears to be attached to the Proposed Pretrial Order. (Doc. #60, Ex. 2.) In it Plaintiff stated that he will not "fill out or send any material whatsoever without the assistance of competent counsel."

1  availability of less drastic sanctions." <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir.
2  1986). "The first two of these factors favor the imposition of sanctions in most cases, while
3  the fourth factor cuts against a default or dismissal sanction. Thus the key factors are
4  prejudice and availability of lesser sanctions." <u>Wanderer v. Johnston</u>, 910 F.2d 652, 656 (9th
5  Cir. 1990).

6  Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
7  to cooperate with discovery or filing the joint pretrial statement impedes the expeditious
8  processing of this case and prejudices Defendants' preparation of their defense. The fourth
9  factor, as always, weighs against dismissal. The fifth factor requires the Court to consider
10 whether a less drastic alternative is available. But the Court need not exhaust every sanction
11 short of dismissal before finally dismissing a case. <u>See</u> <u>Henderson</u>, 779 F.2d at 1424. The
12 Court notes that, in connection with the summary judgment motion, Plaintiff was advised that
13 Local Rule 7.2(i) permits summary disposition of a motion if no answering memorandum is
14 filed. (Doc. #52.) Most important, because Plaintiff filed no response to the motion to
15 dismiss, he neither controverted Defendants' assertions regarding his lack of cooperation or
16 intention not to participate further nor objected to dismissal, and there is nothing in the record
17 to suggest that Plaintiff did not receive a copy of the motion. Under these circumstances, the
18 Court will dismiss the case.

19 **IT IS ORDERED:**

20 (1) The reference to the Magistrate Judge is withdrawn with respect to
21 Defendants' Motion to Dismiss for Lack of Prosecution (Doc. #61), and the motion is
22 **granted**.

23 (2) All pending motions are denied as moot.

24 ///
25 ///
26 ///
27 ///
28

- 3 -

1    (3)  This action is dismissed, and the Clerk of Court must enter judgment accordingly

DATED this 11th day of January, 2008.

                              James A. Teilborg
                              United States District Judge